## THE HENRY A. CRAWFORD.

### THE BLANCHE L.

### THE THOMPSON.

### FISHER et al. v. THE HENRY A. CRAWFORD et al.

### MORRIS et al. v. SAME.

### BRESETTE et al. v. THE HENRY A. CRAWFORD et al.

#### (District Court, S. D. New York. June 21, 1895.)

COLLISION—TOWAGE—GETTING ADRIFT—SINGLING OUT.

> The tug C. took out of a slip in East river two barges abreast, and when a little out in the flood tide, ordered one of them to "single out" so as to be towed astern of the other; in doing so she got adrift, and damaged three other vessels. *Held*, that the C. was alone to blame: (1) for not "singling out" in the slip; (2) after going out, for giving her order while too near the shore in the strong crossing tide.

These were three libels for collision, the first two of which were brought respectively by Charles B. Fisher and another and by one Morris and others against the steam tug Henry A. Crawford and the barge Blanche L. The third was filed by Bresette and others against the Crawford and the scow Thompson.

Stewart & Macklin, for Fisher and the Thompson.

Robinson, Biddle & Ward and Mr. Hough, for the Henry A. Crawford.

Foley & Wray, for the Blanche L.

Mr. Berrier, for Bresette.

BROWN, District Judge. The three collisions in the above cases all occurred because the Blanche L. got adrift while in process of "singling out" to go astern of the scow Atalanta, for the purpose of being towed up the East river by the Crawford. Before the man on board the Blanche L. could make fast the hawser around the forward bitt, the Crawford started up so rapidly that he could not hold the line, and the Blanche L. drifted away in consequence, and caused the three collisions that followed.

The witnesses for the tug contend that the fault was that of the man on board the Blanche L. in casting off the wrong line; that is, so as to let his boat drop astern of the Atalanta, instead of keeping his stern line fast to the Atalanta, and swinging round astern of her, as upon a hinge. The evidence as to the directions given by the captain of the Crawford before leaving the bulkhead, is contradictory. Though the tug has more witnesses on that point, their tes-

timony, on the cross-examination of all of them, except the master and mate of the Crawford, deprives it of any value; and it is extremely improbable that the man on board the Blanche L. should have done the opposite of what he was previously directed to do by the captain of the Crawford, if any definite instructions were, in fact, given to him, beyond the direction to "single out" on notice after getting into the stream, which I very much doubt.

The proper cause of the trouble, and the real fault are to be looked for in the general management on the part of the tug, rather than in any of the minute details when trouble arose. In this case there are two clear faults of management that properly charge the tug with responsibility for this accident:

(1) In needlessly taking the two scows abreast out into the strong flood tide before "singling" them out, instead of putting them in position, as the tug might easily have done, in the still water of the Thirtieth street slip, before going out.

(2) After having got out into the tide, in prematurely giving the order to "single out," i. e. before the tug was sufficiently away from the docks to allow waiting a sufficient time for the Blanche L. to be properly made fast astern of the Atalanta, whichever mode of singling out might be adopted. The tide set strongly towards the docks; and by stopping to single out while still near the docks, the Crawford was soon compelled to start up full speed to avoid drifting against vessels along the docks, although her captain saw that something was wrong with the Blanche L. It was this start that prevented properly making fast the hawser on the Blanche L. The mode of "singling out" adopted by the Blanche L. was not improper or unusual; while the mode which the master of the Crawford testifies that he directed in this instance, contrary to the testimony of the man on the Blanche L., would have placed the latter in an undesirable position for towing, viz., with her stern ahead and much deeper in the water than the other end.

There is no sufficient evidence in my judgment to convict the Blanche L. of blame; the immediate fault which caused the accident being in ordering the Blanche L. to single out before the boat got far enough away from the docks to do so safely, whichever mode of singling out was adopted.

Decrees against the Crawford in the three cases. The libels against the Blanche L. and the Thompson are dismissed.